IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY RUSH** a/k/a **LEROY THOMAS,** *Petitioner,* v. **SUPERINTENDENT ROBERT GILMORE, et al.,** *Respondent.* | : : : : : : : : : | **CIVIL ACTION** NO. 19-cv-05816 |

**MEMORANDUM**

**KENNEY, J.**                                                                                           June 27, 2023

### I.     INTRODUCTION

Larry Rush ("Petitioner") petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) actual innocence. The Honorable Magistrate Judge Carol Sandra Moore Wells recommends that the Court deny the petition. Upon review, the Court adopts Judge Wells's reasoned Report and Recommendation. The Court also denies a certificate of appealability.

### II.    BACKGROUND & PROCEDURAL HISTORY

The factual and procedural background of this case outlined in the Report and Recommendation is reiterated here. ECF No. 70. On May 4, 1987, Petitioner was arrested on charges related to a robbery and stabbing that took place in a Philadelphia bookstore. ECF No. 12 at 2. He was initially convicted in 1988, but this conviction was vacated on appeal. *Id.* On retrial,

1

Petitioner was convicted on December 22, 1992 of aggravated assault and possessing an instrument of crime. *Id.* He was subsequently sentenced to 12.5 to 25 years of incarceration.[1] *Id.*

Petitioner did not pursue a direct appeal. *Id.* However, on January 14, 1997, Petitioner filed a timely Post Conviction Relief Act ("PCRA") petition. *Id.* As the Magistrate Judge aptly notes, Petitioner's PCRA petition "languished," and he was not appointed an attorney until 2012. *Id.* at 3; ECF No. 70 at 1. In September 2012, Petitioner was allowed to proceed *pro se* and on January 27, 2014, Petitioner filed an amended PCRA petition. ECF No. 12 at 3–5. The PCRA court dismissed the amended petition on May 15, 2017, and the Pennsylvania Superior Court affirmed on November 27, 2018. *Id.* at 7–8.

On November 25, 2019, Petitioner filed the instant habeas petition. ECF No. 1.[2] On April 29, 2020, Petitioner filed an amended habeas petition. ECF No. 12. In the amended petition, Petitioner brought claims of: (1) ineffective assistance of counsel ("IAC"); (2) prosecutorial misconduct; and (3) actual innocence.[3] The Commonwealth responded that Petitioner's claim of IAC and prosecutorial misconduct (collectively, the "substantive claims") were time-barred and noted that Petitioner did not include any new evidence pertaining to his alleged innocence. ECF No. 21. On January 26, 2022, the Magistrate Judge appointed counsel to investigate whether

---

[1] Prior to being convicted of the bookstore robbery in 1992, Petitioner was convicted of first-degree murder and related crimes (CP-51-CR-0708711-1987), as well as robbery and assault (CP-51-CR-0722721-1987). Accordingly, when sentenced for the bookstore robbery, Petitioner had already been sentenced to death and periods of confinement on these prior convictions. Petitioner is presently serving his sentence related to the first-degree murder conviction and is also subject to a detainer for the bookstore assault. Though he is not currently serving the sentence related to the bookstore assault, Petitioner may nevertheless challenge it at this time. *Maleng v. Cook*, 490 U.S. 488, 493 (1989).
[2] A *pro se* inmate's petition is deemed filed when he provides the petition to prison officials for mailing rather than the date on which it was docketed. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).
[3] Petitioner claims that, at the time of the charged offenses in this case, he was attending mandatory drug treatment at the Horizon House in Philadelphia ("Horizon House").

2

Petitioner could substantiate his claim of actual innocence. ECF No. 34. For over a year, counsel attempted to obtain evidence to substantiate Petitioner's assertion that he was actually innocent. Ultimately, at a May 25, 2023 status conference, counsel conceded that, despite his persistent efforts and those of a hired investigator, he was unable to identify any witnesses or other evidence to support this claim. ECF No. 70 at 2, 5.

On May 26, 2023, Judge Wells recommended that the petition be denied. ECF No. 70. Petitioner's counsel submitted a one-page letter in objection on May 31, 2023. ECF No. 71. Petitioner's request for habeas relief is now ripe for consideration.

### III. DISCUSSION

Where, as here, the petition has been referred to a magistrate judge for a Report and Recommendation, the district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For completeness, the Court does not limit its review to only those findings and conclusions to which Petitioner objects.[4] However, upon review, the Court concurs with Magistrate Judge Wells's Report and Recommendation; Petitioner's claims are time-barred and must be dismissed.

#### a. Substantive Claims

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitations for habeas petitions. The time period begins to run from the latest of the following:

---

[4] Petitioner's counsel submitted a one-page letter articulating minimally substantive objections. ECF No. 71.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Before turning to the merits of Petitioner's claim, the Court must first determine the starting date for the period of limitations. *See Fiedler v. Varner*, 379 F.3d 113, 117–18 (3d Cir. 2004). As the Magistrate Judge correctly observed, both of Petitioner's substantive claims arise from facts that were available at trial and do not rely upon any new legal pronouncement, and Petitioner encountered no impediment to filing the habeas petition sooner. Accordingly, under Section 2244(d)(1)(A), the starting date for Petitioner's substantive claims is the date his conviction became final.

Petitioner's convictions became final prior to AEDPA's enactment, so he had until April 24, 1997 to file a timely habeas petition. *Burns*, 134 F.3d at 111. However, because he did not file this petition until November 25, 2019, Petitioner's substantive claims are patently untimely. Dismissal is therefore required unless statutory or equitable tolling apply. As the Magistrate Judge correctly demonstrated, even with statutory tolling, Petitioner's claims were filed over 200 days too late. ECF No. 70 at 4 (finding that statutory tolling expired on April 5, 2019 and that Petitioner did not file this petition until November 25, 2019). Petitioner's counsel concedes this point. ECF No. 39 at 4 ("Even with statutory tolling . . . Rush's petition was filed more than seven months too late . . . .").

Accordingly, Petitioners' claims must be dismissed unless equitable tolling applies. Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). A petitioner must show that: (1) he exercised diligence in pursuing his rights; and (2) extraordinary circumstances prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of proving both requirements, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and courts should apply equitable tolling sparingly. *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).

Petitioner's bare-boned assertion, through counsel, that he is entitled to equitable tolling because he is "a death row inmate and has limited access to the law library" does not satisfy his burden. *See* ECF No. 39 at 5. At the outset, the Court notes that in a capital case, courts must allow less than extraordinary circumstances to trigger equitable tolling because the consequences are so grave. *See Fahy v. Horn*, 240 F.3d 239, 245 (3d Cir. 2001). However, that rule is not applicable to this petition. Though Petitioner is a death row inmate, the offense challenged here does not impose the death sentence. Accordingly, the Court is not empowered to relax the standard of equitable tolling simply because Petitioner has been sentenced to death in another, unrelated case.

Instead, Petitioner must show, *inter alia*, that his petition was not timely filed *because* some extraordinary circumstance prevented as much. This is no small showing.[5] Indeed, "[i]n non-

---

[5] Extraordinary circumstances may be present "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Kocian v. Getty Ref. & Mktg. Co.*, 70 F.2d 748, 753 (3d Cir. 1983)). Additionally, equitable tolling may be appropriate when a petitioner has been misled by the court or otherwise not notified of their right to file suit, or, more generally, where "demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*,

5

capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required." *Id.* at 244 (internal citations omitted) (collecting cases). Here, the purported extraordinary circumstance Petitioner asserts boils down to nothing more than "inadequate research," which cannot support equitable tolling. *Id.*; *see also Siv v. Mason*, 20-CV-3632, 2022 WL 3281867, at *4 (E.D. Pa. Aug. 11, 2022) (finding that limited access to prison law library due to COVID-19 pandemic did not amount to an extraordinary circumstance).

Moreover, Petitioner does nothing to support his position that his limited access to the law library *actually caused* the delay. Indeed, Petitioner's original petition required minimal (if any) legal research because it involved only filling out a standard habeas form. ECF No. 1. Without additional support, the Court cannot conclude that Petitioner was unable to submit this initial form prior to April 5, 2019 (when statutory tolling expired) *because of* his allegedly limited access to the law library. Accordingly, Petitioner is not entitled to equitable tolling and his substantive claims must be dismissed.

### b. Actual Innocence

Actual innocence may excuse untimeliness. *See McGuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To show actual innocence, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," and "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). This standard is "demanding." *House v. Bell*, 547 U.S. 518, 538 (2006)).

---

195 F.3d 153, 159 (3d Cir. 1999) (quoting *Midgley*, 142 F.3d at 179). Such injustices are not present here and Petitioner's asserted "extraordinary circumstance" pales in comparison.

Accordingly, the Magistrate Judge appointed counsel to investigate whether Petitioner's assertion of actual innocence (by way of an alibi) could be substantiated. Counsel worked with a hired investigator but was ultimately unable to locate any new evidence to corroborate Petitioner's alibi.[6] Accordingly, Petitioner's actual innocence claim does not excuse the untimeliness of the instant petition and must also be dismissed.

## IV.    CONCLUSION

Because the Court finds that Petitioner's claims are time-barred, the Court adopts Magistrate Judge Wells's reasoned Report and Recommendation in its entirety. Additionally, the Court declines to issue a certificate of appealability because reasonable jurists would not debate the procedural disposition of Petitioner's claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

**BY THE COURT:**

/s/ Chad F. Kenney

---

**CHAD F. KENNEY, JUDGE**

---

[6] Petitioner relies upon only a 1987 report, which indicates that Petitioner was, at some point, referred to Horizon House. ECF No. 68-1. Petitioner's counsel does not explain whether this evidence is "new" but, even if it were, it falls far short of showing that it is more likely than not that a reasonable juror would have convicted him in light of this evidence because it does not establish that Petitioner was at Horizon House at the time of the bookstore robbery.